1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY BREONE GRAY,

11              Petitioner,                No. CIV S-07-1545 FCD EFB P

12        vs.

13   F.B. HAWS, et al.,

14              Respondents.               ORDER

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  On November 16, 2007, respondents moved to dismiss on the ground that

18   petitioner failed to exhaust available state remedies.  On January 10, 2008, the court informed

19   petitioner of the requirements for filing an opposition to a motion to dismiss, gave petitioner 30

20   days to file an opposition or statement of non-opposition and warned him that failure to do so

21   could result in dismissal.  On January 31, 2008, petitioner opposed the motion to dismiss, asking

22   that the court "deem" all of his claims exhausted because the "time for seeking [] review . . . in

23   the state supreme court has expired."  Pet.'s Opp'n to Mot. to Dism. at 2.  For the reasons

24   explained below, the court finds that the petition contains both exhausted and unexhausted

25   claims and orders petitioner to show good cause for his failure to exhaust his unexhausted

26

1

1  claims, or in the alternative, to file an amended petition with exhausted claims only.

2  **I.    Procedural History**

3        On July 23, 2004, a jury convicted petitioner of second degree murder with the use of a

4  firearm and petitioner was sentenced to state prison for a term of forty-years to life.  Pet. at 2.

5  On April 25, 2006, the California Court of Appeal, Third Appellate District affirmed the

6  judgment and sentence.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodged Doc.")

7  No. 1.  Petitioner then filed a petition for rehearing in the Third Appellate District and three

8  petitions for writ of habeas corpus in the Sacramento County Superior Court.  Resp.s' Mot. to

9  Dism., at 2:1-2.

10        On or about June 4, 2006, petitioner filed a petition for review with the California

11  Supreme Court.  Lodged Doc. No. 2.  On August 2, 2006, the petition for review was denied.

12  Lodged Doc. No. 3.

13        On July 30, 2007, petitioner filed a petition for a writ of habeas corpus in this court

14  raising the following claims: (1) he was denied his Sixth Amendment right to a speedy trial; (2)

15  he was denied due process when the jury heard evidence of a past killing; (3) the trial court

16  abridged his right to confront witnesses; (4) he was denied due process when the court

17  improperly allowed the prosecution to impeach him; (5) he was denied his Sixth and Fourteenth

18  Amendment rights because of race discrimination in jury selection; (6) he was denied his Sixth

19  and Fourteenth Amendment rights because of various instructional errors: (7) he was denied his

20  Sixth and Fourteenth Amendment rights because of "jury polling errors"; (8) he was denied his

21  Sixth and Fourteenth Amendment rights to be present at "readbacks" and during discussions of

22  jury questions; (9) he was denied effective assistance of counsel when his counsel failed to

23  object to evidence of a past killing; and (10) he was denied his Fourteenth Amendment rights

24  because of the trial court's answer to the jury's question requesting a definition of "act."  Pet. at

25  5-7.

26

## II.    Standards

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no state corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of [his] federal habeas corpus claim" to the state courts.  *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A claim is unexhausted if any state remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 847 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to the state supreme court).

A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Since "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.* at 277.

## III.    Analysis

Petitioner presented to the California Supreme Court only the first four of the ten claims he makes in this court.  The six remaining claims were not presented to the California Supreme

Court and are therefore unexhausted.  Thus, the petition is mixed because only the first four of petitioner's ten claims, as enumerated above, are exhausted.

As noted, the court may stay this action and hold it in abeyance while petitioner presents his six unexhausted claims to the California Courts.  *Rhines*, 544 U.S. at 277-78.  However, petitioner carries the burden of demonstrating that he has good cause for his failure to exhaust, that the unexhausted claims potentially have merit and that petitioner has not engaged in intentionally dilatory litigation tactics.  *Id.*  Petitioner has not addressed any of these factors in his January 31, 2008, opposition to respondents' November 16, 2007, motion to dismiss.

Accordingly, it is hereby ORDERED that:

1.  Petitioner has 30 days from the date of this order to file an amended petition including exhausted claims only or to request a stay, explaining why this court should stay this action and hold it in abeyance by making the "good cause" showing required by the United States Supreme Court in *Rhines*.  Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

2.  The Clerk of the Court is directed to terminate docket entry number 7.

Dated:  August 27, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE